IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JAMES ARNESS SALLIE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-511-O-BP |
| | § | |
| **J.P.S. HOSPITAL & DISTRICT POLICE,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff James Arness Sallie ("Plaintiff") has filed a civil action. ECF No. 1. Resolution of preliminary matters was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3. ECF No. 4. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

James Arness Sallie is the Plaintiff. In the Complaint, Plaintiff lists as defendant J.P.S. Hospital & District Police. ECF No. 1.

C.   LEGAL ANALYSIS

Plaintiff filed this suit accompanied by an incomplete long form *in forma pauperis* application. ECF No. 2. Because that document provided insufficient information about Plaintiff's income and assets, the Court issued an Order and Notice of Deficiency directing Plaintiff to complete and file a long form *in forma pauperis* application, the Court would have sufficient

information to make the pauper determination. ECF No. 6. In response, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) that satisfied the Court's previously entered Notice of Deficiency. ECF No. 7. The Court accordingly reviewed the Application and granted Plaintiff leave to proceed *in forma pauperis*. ECF No. 8.

Because Plaintiff's Complaint consisted of only two conclusory sentences and stated insufficient facts to allow the Court to complete screening under 28 U.S.C. § 1915, the Court ordered Plaintiff to file an Amended Complaint that stated "how Defendant violated the law, how that violation harmed [Plaintiff], or why a lawsuit concerning that violation belongs in this Court." ECF No. 9 at 1. The Order required Plaintiff to file the Amended Complaint on or before July 27, 2022. *Id.* It further directed that "failure to fully comply with this Order may result in the dismissal of this case under 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 41(b) for failure to prosecute or to obey a court order." *Id.* Plaintiff did not file an Amended Complaint as ordered.

Thereafter, the Court entered another Order requiring Plaintiff to file an Amended Complaint that complied with the Federal Rules of Civil Procedure on or before September 7, 2022 "if Plaintiff wishes to pursue his claims against Defendant." ECF No. 10. The Court again cautioned Plaintiff that "failure to file the Amended Complaint as ordered could result in a recommendation that this case be dismissed pursuant to 28 U.S.C. § 1915 and Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* at 2. Again, Plaintiff did not file an Amended Complaint.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff has failed to comply with this Court's orders to file an Amended Complaint that contains facts sufficient to support a

2

claim for relief, this case may be dismissed for failure to comply with a Court order and for lack of prosecution under Federal Rule of Civil Procedure 41(b).

## RECOMMENDATION

It is therefore **RECOMMENDED** that all of Plaintiff's claims be **DISMISSED** for failure to comply with a Court order and for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

**SIGNED** on September 20, 2022.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3